IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **COLBY V.W.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,**<br><br>    **Defendant.** | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br><br>**Case No. 2:21-cv-00622-JCB**<br><br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Colby V.W.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's sole argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 11.

[2] 42 U.S.C. §§ 401-434.

[3] *Id.* §§ 1381-1383f.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB and SSI in December 2018.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On February 23, 2021, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on March 15, 2021, denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on August 18, 2021, the Appeals Council denied his appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On October 25, 2021, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[11]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence,

---

[4] ECF Nos. 14-15, Administrative Record ("AR ___") 265-75.

[5] AR 133-34.

[6] AR 173-74.

[7] AR 36-70.

[8] AR 12-35.

[9] AR 1-6.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 4.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards of review apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical

---

[13] 42 U.S.C. § 405(g).

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Williams*, 844 F.2d at 750.

evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

At the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[25] "If the claimant is able to perform his previous work,

---

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); *see also id*. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[21] *Williams*, 844 F.2d at 751.

[22] 20 C.F.R. §§ 404.1520(e), 416.920(e).

[23] *Id*. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[24] *Id*. §§ 404.1545(a)(2), 416.945(a)(2).

[25] *Id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

he is not disabled."[26] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[27]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step,"[28] where the burden of proof shifts to the Commissioner. The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[31]

## ANALYSIS

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ determined that all the opinion evidence was unpersuasive and then, according to Plaintiff, "constructed the RFC out of whole cloth."[32] As demonstrated below, Plaintiff's argument fails. Therefore, the court affirms the Commissioner's decision.

---

[26] *Williams*, 844 F.2d at 751.

[27] *Id*.

[28] *Id*.

[29] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] ECF No. 18 at 11.

As stated above, the relevant regulations define RFC to be a claimant's greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[33] When assessing a claimant's RFC, the ALJ is required to consider "all of the relevant medical and other evidence."[34] The ALJ is exclusively responsible for determining a claimant's RFC based upon that evidence.[35]

In this case, throughout his decision, the ALJ engaged in a thorough discussion of all the record evidence, including Plaintiff's reports of and testimony about his symptoms, objective medical evidence, prior administrative medical findings, and medical source opinions.[36] Additionally, when assessing Plaintiff's RFC, the ALJ articulated how that evidence supported his RFC determination.[37]

Despite the ALJ's adherence to the requirements for assessing Plaintiff's RFC, Plaintiff argues that the ALJ erred by determining Plaintiff's RFC without finding that any medical opinion was persuasive. Specifically, Plaintiff contends that "[i]n the absence of any opinion upon which [the ALJ] could rely, the ALJ crafted an RFC that was made up out of whole cloth

---

[33] 20 C.F.R. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).

[34] Id. §§ 404.1545(a)(3), 416.945(a)(3); see also Young v. Barnhart, 146 F. App'x 952, 955 (10th Cir. 2005) ("The determination of RFC is an administrative assessment, based upon *all the evidence* of how the claimant's impairments and related symptoms affect [his] ability to perform work-related activities." (emphasis added)).

[35] 20 C.F.R. §§ 404.1546(c), 416.946(c) ("If your case is at the [ALJ] hearing level . . . , the [ALJ] . . . is responsible for assessing your [RFC]."); see also Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." (alteration in original) (quotations and citations omitted)).

[36] AR 18-26.

[37] AR 20-26.

and his own interpretation of [the] evidence[,] including raw medical data."[38] That argument fails because it has been rejected by the United States Court of Appeals for the Tenth Circuit.

The Tenth Circuit has repeatedly held that "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question."[39] Further, the Tenth Circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category."[40] In addressing Plaintiff's specific argument, the Tenth Circuit has stated that such an argument "rests on an unduly narrow view of the role of the administrative factfinder in [S]ocial [S]ecurity disability proceedings."[41] Indeed, "[t]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record,"[42] and "the ALJ's RFC assessment is an administrative, rather than a medical, determination."[43]

---

[38] ECF No. 18 at 11.

[39] *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012); *see also Terwilliger v. Comm'r, Soc. Sec. Admin.*, 801 F. App'x 614, 628 (10th Cir. 2020) (same); *Berumen v. Colvin*, 640 F. App'x 763, 766 (10th Cir. 2016) (same); *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir. 2012) (same).

[40] *Chapo*, 682 F.3d at 1288-89 (alteration in original) (quotations and citations omitted).

[41] *Id*. at 1288.

[42] *Id*. (quotations and citations omitted).

[43] *McDonald*, 492 F. App'x at 885.

Plaintiff's argument that the ALJ "constructed the RFC out of whole cloth"[44] because the ALJ did not find any medical opinions persuasive falls squarely within the foregoing category of arguments the Tenth Circuit and this court has rejected.[45] Moreover, contrary to Plaintiff's contention, when considering the objective medical evidence, the ALJ did not sit as a medical doctor making his own diagnoses and determinations regarding Plaintiff's medical conditions and what effect, if any, those conditions had on Plaintiff's abilities. Instead, the ALJ considered the observations of the various medical providers that they noted in their treatment notes. This is evident by the ALJ's citations to the medical providers' reports when discussing the medical evidence that these professionals observed. Thus, the ALJ performed the precise function that the law requires, and, accordingly, Plaintiff's argument fails.[46]

---

[44] ECF No. 18 at 11.

[45] *Terwilliger*, 801 F. App'x at 627 (rejecting the plaintiff's argument concerning the ALJ's RFC assessment because it "relie[d] on the faulty premise that the ALJ was required to defer to [the plaintiff's] doctors' opinions on the issue of disability"); *Berumen*, 640 F. App'x at 765-66 (noting that the *Chapo* court "rejected the argument 'that the components of an RFC assessment lack substantial evidentiary support unless they line up with an expert medical opinion'" (quoting *Chapo*, 682 F.3d at 1288)); *McDonald*, 492 F. App'x at 885-86 ("[W]e reject McDonald's contention that an ALJ is not competent, in the absence of a medical opinion, to assess the severity of mental symptoms and determine the extent of the limitations that result based on the evidence in the claimant's medical records, her daily activities, and her positive response to medications. That is precisely the type of evidence an ALJ should consider in determining a claimant's RFC. An ALJ makes that assessment based on *all* the evidence in the case record, both medical and non-medical." (emphasis in original)); *Samantha W. v. Kijakazi*, No. 2:20-CV-00818, 2022 WL 716149, at *4 (D. Utah Mar. 10, 2022) ("[T]he absence of medical opinion evidence supporting some aspects of the RFC does not mean the ALJ 'crafted the RFC out of whole cloth.' The ALJ properly relied on other medical evidence in the record in determining [the plaintiff]'s RFC, and he was not required to cite a medical opinion to support each finding.").

[46] As part of his argument that the ALJ erred in assessing Plaintiff's RFC, Plaintiff points to select portions of the record that, according to Plaintiff, show that his impairments imposed

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's sole argument on appeal fails. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of July 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

greater limitations than those found by the ALJ. In doing so, Plaintiff invites the court to reweigh the evidence, which is an unavailing tactic on appeal. The court does not reweigh the evidence before the ALJ. *Madrid*, 447 F.3d at 790. From an evidentiary standpoint, the only issue relevant to the court is whether substantial evidence exists in the record to support the ALJ's conclusions. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)). Thus, the court rejects Plaintiff's invitation to reweigh the evidence.